IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-CR-00053-WS |
| | ) | |
| MATTHEW DEAN ADAMS | ) | |

## PLEA AGREEMENT

The defendant, **MATTHEW DEAN ADAMS**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.      The defendant understands his rights as follows:

   a.      To be represented by an attorney;

   b.      To plead not guilty;

   c.      To have a trial by an impartial jury;

   d.      To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e.      To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.      The defendant waives rights b through e, listed above, and pleads guilty to Count One of the indictment, charging a violation of Title 18, United States Code, Section 875(c), Interstate Threatening Communications.

Rev. 8/14

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant her understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. Defendant recognizes that pleading guilty may have consequences with respect to immigration status if he is not a citizen of the United States. Under federal law, a

Rev. 8/14

broad range of crimes are removable offenses, including the offense(s) to which he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

10. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

11. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the

3

investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

12.     The maximum penalty the Court could impose as to Count One of the Indictment is:

a.      Five (5) years imprisonment;

b.      A fine not to exceed $250,000;

c.      A term of supervised release of three (3) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.      A mandatory special assessment of $100.00; and

e.      Such restitution as may be ordered by the Court.

## SENTENCING

13.     The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the

Rev. 8/14

4

Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

Rev. 8/14

## RESTITUTION

18.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

19.    The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities.

## FINANCIAL OBLIGATIONS

20.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

21.    The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern

Rev. 8/14

District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

22. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

   (1) any sentence imposed in excess of the statutory maximum;

   (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

   The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24.   If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25.   The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26.   If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

27.   The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

28.   In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

Rev. 8/14

8

## ENTIRETY OF AGREEMENT

29.    This document is the complete statement of the agreement between the defendant

and the United States and may not be altered unless done so in writing and signed

by all the parties.

Respectfully submitted,
RICHARD W. MOORE
UNITED STATES ATTORNEY

Date:  May 9, 2018

Christopher H. Baugh
Assistant United States Attorney

Date: 5/9/204

Sean P. Costello
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the

offense charged in the Indictment pending against me.  I have read this Plea Agreement and

carefully reviewed every part of it with my attorney.  I understand this agreement, and I

voluntarily agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true

and accurate in every respect, and that had the matter proceeded to trial, the United States could

have proved the same beyond a reasonable doubt.

Date: 5-10-18

Matthew Dean Adams
Defendant

Rev. 8/14

9

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 5/10/18

Latisha V. Colvin
Attorney for Defendant

Rev. 8/14

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-CR-00053-WS |
| | ) | |
| MATTHEW DEAN ADAMS | ) | |

## FACTUAL RESUME

The defendant, **MATTHEW DEAN ADAMS**, admits the allegations of Count One of

the Indictment.

## ELEMENTS OF THE OFFENSE

**MATTHEW DEAN ADAMS** understands that in order to prove a violation of Title 18,

United States Code, Section 875(c), as charged in Count One of the Indictment, the United States

must prove:

First:      The Defendant knowingly sent a message in [interstate] [foreign] commerce containing a true threat to [kidnap any person] [injure the person of another]; and

Second:   The Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

## OFFENSE CONDUCT

Defendant, **MATTHEW DEAN ADAMS**, admits in open court and under oath that the

following statement is true and correct and constitutes evidence in this case. This statement of

facts is provided solely to assist the Court in determining whether a factual basis exists for

**MATTHEW DEAN ADAMS's** plea of guilty. The statement of facts does not contain each and

Rev. 8/14

1

every fact known to **MATTHEW DEAN ADAMS** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

In January of 2018, the Orange Beach Police Department received complaints made by Matthew Dean Adams to a former romantic partner and to her husband. The messages included threats and photos of ADAMS holding what appears to be firearms.

On January 25, 2018, J. A. was at the CVS pharmacy, located at 25761 Perdido Beach Blvd., Orange Beach, Alabama. While at the CVS, Arevalo received a phone call from ADAMS, utilizing cellular telephone number 251-213-3135, hereinafter, ADAMS' PHONE. During the phone call, ADAMS threatened to kill J.A. and his son, A. A. Using the same device, ADAMS then sent J.A. a series of messages via Facebook Messenger which stated the following:

— I'm coming brother, say goodbye to A.A. like I said goodbye to my daughter V., u with her u against me and the penalty is death

— The bitch got herpes and I fucked her November and immediately got an outbreak, nobody around here will touch her

— She had my daughter taken away from me, ruined my business

— What happened to D. and A. c'mon T. and this is what I have to take because of that lyin bitch, depending on what week she'll give you some whit like poisen ivey on it dick

— I gotta take this shit because of her outbreak ass, u told me urself she a lying bitch

— Like I said this tripto OB will be your last

— ive lived there for 16 yrs I know where y'all at, u think ur bullet proof I guess we'll see

ADAMS also used Facebook Message from ADAMS phone to send Arevalo a picture of ADAMS holding an assault rifle.

Data base checks show that the listed subscriber of ADAMS PHONE is Matthew Adams at 25351 Canal Road, Lot 21, Orange Beach, Alabama. The Orange Beach Police Department lawfully received global position service information on ADAMS PHONE from AT&T. The information indicated that on January 26, 2018, ADAMS PHONE was in the vicinity of 320 Wild Goose Trail, Holladay, Tennessee. It is believed that this is the home of W.D. A., who is believed to be ADAMS' deceased father. On or about February 14, 2018, a relative of ADAMS confirmed that ADAMS was using ADAMS phone and was living at 320 Wild Goose Trail, Holladay, Tennessee.

AGREED TO AND SIGNED.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: _____May 9, 2018_____

Christopher H. Baugh
Assistant United States Attorney

Date: ___5/9/2018___

Sean P. Costello
Assistant United States Attorney
Chief, Criminal Division

Date: ___5-10-18___

Matthew Dean Adams
Defendant

Date: ___5/10/18___

Latisha V. Colvin
Attorney for Defendant

3

Rev. 8/14